In re KNIGHT'S ESTATE
MONTGOMERY v. KNIGHT

No. 6622.   Decided October 11, 1943.   (141 P. 2d 879.)

*Allen G. Thurman* and *Warwick C. Lamoreaux*, both of Salt Lake City, for appellant.

*William D. Callister*, of Salt Lake City, for respondent.

MOFFAT, Justice.

The following statement of the facts made by appellant is concurred in as correct by respondent: On or about July 25, 1941, L. C. Montgomery filed a petition in the District Court of the Third Judicial District in and for

Summit County, Utah, praying that the will of Isabel Knight, deceased, be admitted to probate, that he be appointed executor thereof, and for the issuance of letters testamentary. The will was admitted to probate, the appointment was made and letters issued. Paul Ernest Knight, protestant-defendant herein, is a son of decedent. He is one among the residuary legatees of the estate of his mother.

In the course of administration of the estate of Isabel Knight, the executor listed among the assets of the estate a debt alleged to be due from Paul Ernest Knight in the sum of $2,000. Upon the hearing for distribution and settlement of the account of the executor, Paul Ernest Knight appeared and protested and later, upon leave of court, filed his objections in writing. He denied that he was indebted to the estate and objected to having the $2,000 charged against his distributive portion.

A trial was had upon this issue. The appellant admitted having received the sum of $2,000 from his mother during her lifetime; but claimed it was a gift upon which he was to pay interest during her life, and upon her death he was to be released from all claims.

The court found from the evidence presented that the $2,000 received by Paul Ernest Knight from his mother was a loan and not a gift; that the sum had not been paid and was an asset of the estate and should be paid or deducted from the distributive share of Paul Ernest Knight.

Conclusions of law and decree were made accordingly, from which appellant appeals. The appeal presents the single question as to whether the $2,000 was a loan or a gift, which also presents the question as to whether there is evidence to support the findings and decree of the trial court. If so, we may not disturb the decree.

A careful examination of the complete record presents a case upon the evidence from which the court could have made no finding other than that made. We need not detail

the evidence. There was no attempt made on the part of appellant to deny or avoid the fact that he received the $2,000 from his mother. The matter had been discussed at times with other members of the family. They testified that "Ernest," as they called him, had said he did not intend to repay the money he "borrowed" and that he referred to it as a "loan." The regular payment of interest is admitted by Ernest with the exception of one payment when he told his mother he was "short" and she told him to "skip it." Ernest himself said: "I was to pay her interest as long as she lived and at the end, at her death, interest stopped and the money became mine."

His mother kept an account of the payment of interest by "ern" in connection with other interest and dividend payments received by her. The book entries were identified to be in the mother's handwriting. No mention of the matter is made in the will. No memorandum of writing exists showing an intended gift, present or future. The appellant's claim that the $2,000 was a gift rests solely upon his oral statement, weakened as it is by his admissions.

Finding no error, the judgment should be affirmed. Such is the order. Costs to respondent.

WOLFE, C. J., and LARSON, McDONOUGH, and WADE, JJ., concur.